UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERESA PEREZ, et al.,

                    Plaintiffs,          **ORDER**

     - v -

                                          CV-05-1725 (ILG)(VVP)

JASPER TRADING, INC., et al.,

                    Defendants.
------------------------------------------------------------x

       By letter dated November 23, 2005, the plaintiffs have requested that, as the defendants have submitted no opposition to their request for damages, the court simply rest on the plaintiff's papers rather than hold a hearing with testimony as is now scheduled for December 6, 2005. Although the court is permitted to rely on affidavits in lieu of live testimony in conducting an inquest on damages, *see, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 11 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), 'it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment."); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d. Cir.1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993), the affidavits must be signed by persons with first-hand knowledge of the matters concerning damages. Here, the plaintiffs have submitted only the affidavits of counsel, which are based on hearsay from their clients, and are therefore insufficient. In any event, in view of the notice sent to the defendants concerning the holding of a hearing, where the opportunity to cross-examine would be afforded, the court is loath to adjourn the hearing without clear assent from the defendants. Accordingly, the hearing will be held as scheduled, and the plaintiffs should be prepared to prove all aspects of their damages.

As to the plaintiffs' request for interpreters, it is the responsibility of the parties furnish interpreters; the court does not undertake that effort or bear that expense in civil cases. Counsel may consult with the clerks' office to obtain the names of interpreters whom they may be able to retain.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
         November 29, 2005